UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALAN STARR TROWBRIDGE,

    Petitioner,

v.                                          Case No. 2:15-CV-186

JEFFREY WOODS,                          HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER REJECTING THE REPORT AND RECOMMENDATION AND DENYING PETITIONER'S HABEAS PETITION

The matter before the Court is a habeas corpus petition filed by Petitioner, Alan Starr Trowbridge, pursuant to 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Timothy P. Greeley,[1] who issued a Report and Recommendation (R & R) on February 28, 2019, recommending that the Court grant Trowbridge's petition. (ECF No. 30.) Respondent, Jeffrey Woods, timely filed objections to the R & R. (ECF No. 31.)

Upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be rejected and Trowbridge's habeas petition should be denied.

---

[1] Judge Greeley recently retired on March 14, 2019.

# I. Background

In 2010, Trowbridge was charged with five counts of first-degree criminal sexual conduct (CSC-I), in violation of MCL 750.520b(2)(c). On August 12, 2010, a jury convicted Trowbridge of three counts of CSC-I for having sex with his six-year-old daughter. At no time prior to trial did the prosecution, defense counsel, or the court realize that Trowbridge would be subject to a mandatory minimum of life imprisonment without the possibility of parole if convicted of CSC-I because Trowbridge had previously been convicted of CSC-IV for an incident involving a five-year-old boy.

In connection with the 2010 charges, the prosecution made several plea offers to Trowbridge. In May 2010, the prosecution offered to allow Trowbridge to plead guilty to one count of CSC-I. Trowbridge rejected that offer. On July 30, 2010, at the final pretrial conference, the prosecution offered to allow Trowbridge to plead guilty to two counts of CSC-III as a habitual offender, with an agreement that his sentence would be capped at 22 ½ years. Trowbridge rejected that offer. On August 9, 2010, the first day of trial, the prosecution offered to allow Trowbridge to plead no contest to three counts of CSC-III with no habitual offender enhancement, which would carry a maximum sentence of 15 years. Trowbridge accepted the final offer, but the court rejected the plea deal because the deal would violate the court's policies of not accepting plea deals after the pretrial conference and not accepting no contest pleas outside of certain circumstances.

Trowbridge proceeded to trial and was convicted. At sentencing, the trial judge informed Trowbridge that he was subject to the mandatory minimum sentence of life imprisonment without parole, which was when Trowbridge first learned of the penalty he faced for the crime of which he was charged. The trial judge sentenced Trowbridge to three terms of life imprisonment without parole.

Trowbridge appealed his conviction to the Michigan Court of Appeals. The Michigan Court of Appeals remanded to the trial court for an evidentiary hearing on Trowbridge's claim that he was denied effective assistance of counsel when his defense attorney did not advise him of the mandatory minimum sentence he faced so that he could adequately evaluate the plea offers he received. The trial court denied Trowbridge's claim of ineffective assistance of counsel based on the finding that Trowbridge suffered no prejudice because Trowbridge had not shown that it was reasonably probable that he would have accepted the July 30, 2010, plea offer had he known the penalty he would face if convicted at trial. Likewise, the Michigan Court of Appeals concluded that although defense counsel failed to properly advise Trowbridge that he was facing mandatory life without parole, Trowbridge suffered no prejudice because he failed to show that he would have accepted the July 30, 2010, plea offer if he had known that he would receive mandatory life without parole if convicted. The Michigan Supreme Court denied leave to appeal.

## II. Legal Standards

### *Habeas Relief*

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Trowbridge is not entitled to habeas relief from his state court conviction with respect to any claim that was adjudicated on the merits unless the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

AEDPA limits the source of law—for the purposes of determining clearly established federal law—to "holdings, as opposed to dicta" of Supreme Court decisions "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412, 120 S. Ct. 1495, 1523

3

(2000). The Supreme Court held that a decision of a state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id*. at 413, 120 S. Ct. at 1523. A state court adjudication is considered an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. A state court's application of clearly established federal law is not unreasonable "simply because [the federal] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411, 120 S. Ct. at 1522.

Factual findings of the state court made after a hearing on the merits are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 546, 101 S. Ct. 764, 769 (1981). Trowbridge has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### *Ineffective Assistance of Counsel*

Ineffective assistance of counsel claims are analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). Under the first prong, the defendant must show that counsel's performance was "deficient." That is, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687, 104 S. Ct. at 2064. The second prong requires the defendant to show that counsel's deficient performance prejudiced his defense—"that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

The Supreme Court has held that:

> To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

*Missouri v. Frye*, 566 U.S. 134, 147, 132 S. Ct. 1399, 1409 (2012).

### III. Analysis

The State concedes that Trowbridge should have been told that his conviction at trial would result in a mandatory sentence of life imprisonment without parole. Thus, defense counsel's performance was deficient, satisfying the first prong of the *Strickland* test.

The focus of the state court adjudication and Respondent's objections is the second prong of the *Strickland* test—whether Trowbridge suffered prejudice as a result of defense counsel's deficient performance. After the hearing on Trowbridge's claim of ineffective assistance of counsel, the state court held that Trowbridge had not suffered prejudice because there was no reasonable probability that Trowbridge would have accepted the July 30, 2010, plea offer if he had known that he faced mandatory life imprisonment without parole if convicted at trial.

At the hearing, Trowbridge's defense counsel testified regarding the advice that he gave Trowbridge prior to trial. Defense counsel told Trowbridge that he had very little chance of succeeding at trial, only a three to five percent chance of acquittal. Defense counsel also advised Trowbridge that if convicted he would face a lengthy sentence that could exceed his natural life and that Trowbridge was unlikely to be paroled early. In the face of that information, Trowbridge chose to decline the July 30, 2010, plea offer that would have capped his maximum sentence at 22 ½ years.

5

Moreover, the trial court found that Trowbridge was unlikely to accept the July 30, 2010, plea offer even if he knew the penalties he faced because Trowbridge was unwilling or unlikely to provide a factual basis for a guilty plea as required under Michigan law. The only plea offer that Trowbridge attempted to accept was one in which he would plead no contest rather than guilty. Trowbridge not only maintained his innocence by pleading not guilty, but took the stand at trial to deny the allegations.

The trial court correctly applied the *Strickland* standard to Trowbridge's ineffective assistance of counsel claim. The trial court's application of *Strickland* was not unreasonable when the trial court determined that Trowbridge had not suffered prejudice based on the finding that Trowbridge failed to show that there was a reasonable probability that he would have accepted the July 30, 2010, plea offer if he had been properly advised that he faced a mandatory sentence of life imprisonment without parole. State court factual findings are presumed correct, and Trowbridge must offer clear and convincing evidence to overcome that presumption. Trowbridge has not offered clear and convincing evidence to rebut the trial court's finding that there was not a reasonable probability that Trowbridge would have accepted the July 30, 2010, plea offer if not for the deficient performance of defense counsel. Thus, Trowbridge has not provided a basis for this Court to grant habeas relief.

## IV. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Trowbridge has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue

must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000); *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Trowbridge's claim under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Because the R & R recommended that this Court grant Trowbridge's habeas petition but this Court rejected that recommendation, the Court concludes that reasonable jurists could and did debate this issue. Thus, the Court will grant a certificate of appealability.

### V. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the February 28, 2019, Report and Recommendation (ECF No. 30) is **rejected**.

**IT IS FURTHER ORDERED** that Trowbridge's habeas corpus petition (ECF No. 1) is **denied**.

**IT IS FURTHER ORDERED** that Petitioner is **granted** a certificate of appealability.

A separate judgment will enter.

This case is **concluded**.

Dated: April 18, 2019 　　　　　　　　　　　　　/s/ Gordon J. Quist
　　　　　　　　　　　　　　　　　　　　　　　GORDON J. QUIST
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE